### LEJOUNE v. DRY DOCK, E. B. & B. R. CO.

#### (Supreme Court, Appellate Term.   February 23, 1904.)

1. STREET RAILWAYS—INJURIES ON STREETS—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

Sending a case against a horse railway company for injuries to a person on the street to the jury on the sole question whether the driver was negligent in driving his horse at a gallop was error, as it relieved plaintiff of the duty of establishing freedom from contributory negligence.

2. SAME—RIGHT OF WAY.

Between the blocks of a city a street railway has the paramount right of way over a pedestrian.

3. SAME—PROOF OF DAMAGES.

Proof of damages for injuries should be taken only to the extent of supporting the claim as itemized in the bill of particulars.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Joseph Lejoune against the Dry Dock, East Broadway & Battery Railway Company. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Henry W. Goddard and William F. Weaver, for appellant.

Richard T. Greene, for respondent.

McCALL, J.    Under the charge in this case the court allowed the case to go to the jury on the sole question "whether the driver was negligent in driving his horse at a gallop and beyond the ordinary

gait of a horse car." He thereby erroneously relieved the plaintiff of the duty of establishing his freedom from contributory negligence, and the judgment cannot stand. It was also error to refuse the request of the defendant "that, inasmuch as the accident happened between the blocks, the defendant had a paramount right of way," and under the circumstances of this case this error was highly prejudicial. For the reasons assigned there must be a new trial, and on same the proof of damage alleged to have been suffered should be taken only to the extent of supporting the claim as itemized in the bill of particulars.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.